CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| TYRONE DEMETRIUS BATTEN, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv178 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| RICK WHITE, et al., ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

This matter is before the court on plaintiff's third motion to file an amended complaint (ECF No. 64) and plaintiff's fourth motion to file an amended complaint (ECF No. 72). Defendants White, Allen, Hall, and Brookshire have filed an objection to the third motion. Upon consideration of the pleadings, the status of the case, and relevant law, the court will deny both motions to amend.

Batten placed his original complaint in the prison mail on March 24, 2023, and it was received by the court on March 27, 2023. The complaint named as defendants the Warden, three correctional officers, M. Brookshire in mental health, and Nurse Practitioner Jessee. Batten alleged that he had been assaulted by the three corrections officers and that Jessee had not adequately diagnosed and treated the injuries he suffered in the assault. On August 31, 2023, Warden White and M. Brookshire filed a Motion to Dismiss on the grounds that Batten had not stated any allegations against either of them. Defendant Jessee filed a Motion to Dismiss on September 5, 2023.

In October 2023, requesting an extension to respond to the Motions to Dismiss, plaintiff filed a Motion to Amend his complaint, along with a copy of the proposed amendment. The court denied the motion because the proposed amendment was not a unitary complaint capable of replacing the original complaint. By order entered November 29, 2023, the court explained the

deficiencies in the proposed amended complaint, denied the motion without prejudice, and gave Batten 21 days in which to file a proper amended complaint if he wished to do so. Batten's third motion to amend was postmarked November 29, 2023, and was obviously filed before Batten received the court's order of the same date. This proposed amendment suffered from the same deficiencies as the prior motion, namely adding new defendants and not mentioning anything about the original defendants and claims. The defendants accordingly objected to that motion. However, the fourth motion was placed in the institutional mail on December 18, 2023, within the 21-day deadline set by the court. Further, the proposed amended complaint filed this time included most of the original parties as well as new parties and alleged the original factual allegations along with a host of new allegations.

Batten's fourth proposed amended complaint seeks to add unrelated parties and claims. Rule 20 allows the joinder of several defendants in a single suit *only* if the claims arose out the same transaction or series of transactions *and* the claims contain a question of fact or law common to *all* the defendants. *See* FED. R. CIV. P. 20. While there is a good argument for bringing a single lawsuit covering the assault and the allegedly insufficient medical treatment received for injuries received in that assault, the claims that Batten seeks to add for retaliation, several months later, by filing false disciplinary charges and other actions, are too remote from the incident which is the subject of the original suit. This is apparent because the officers alleged to have retaliated against Batten are not the same as those who allegedly assaulted him in the first place, and some of the alleged retaliation occurred at a different prison facility.

To the extent Batten may have been trying to remediate concerns raised in the Motions to Dismiss filed by White and Brookshire and by Jessee, the extra allegations against those defendants in the proposed amended complaint either add nothing of significance or fail to state

2

claims for which relief may be granted. Leave to amend should be denied as futile if the proposed amendment fails to state a claim. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

Batten alleged in the original complaint that Jessee x-rayed his finger but would not order an MRI. In his proposed amendment, Batten alleges that Jessee "maliciously misdiagnosed his . . . left hand ring finger as just a jam that could take up to six months to heal . . . to cover up the seriousness of the assault done by the corrections officers . . . and to leave the plaintiff to suffer in unnecessary pain. . ." ECF No. 72 at 7. The court accepts Batten's factual allegations as true and draws all reasonable inferences in his favor. However, conclusory statements, legal conclusions, and threadbare recitals of the elements of a claim are not the same as factual allegations. *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). Batten's assertion that Jessee's conduct was malicious is just a conclusion, and his allegations about her motives are sheer speculation in the absence of facts from which such conclusions could be drawn. This added speculation adds nothing to the original claim against Jessee.

In the proposed amended complaint, Batten alleges that Warden White upheld the findings of the disciplinary hearings officer on Batten's appeal. Those are the only facts alleged against defendant White, and those facts are not sufficient to state a claim. "[T]here is no liability under § 1983 for a prison administrator's response to a grievance or appeal." *Brown v. Virginia Dep't of Corr.*, No. 6:07-CV-00033, 2009 WL 87459 (W.D. Va. Jan. 9, 2009).

3

Because Batten's most recent proposed amended complaint adds no value to the claims made in his original complaint, and the new claims asserted cannot properly be joined with the existing claims, his Motions to Amend (ECF Nos. 64 and 72) are **DENIED**.

Enter: December 6, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge