CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| TYRONE DEMETRIUS BATTEN,  )   | |
|     Plaintiff,  ) | Civil Action No. 7:23cv178 |
|                                                  ) | |
| v.  ) | OPINION and ORDER |
|                                                  ) | |
| RICK WHITE, et al.,  ) | By:  Judge Robert S. Ballou |
|     Defendants.  ) | United States District Judge |

Tyrone Demetrius Batten, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983, alleging excessive force by Officers Branham, Allen, and Hall, resulting in physical injury.  Thereafter, he alleges that Nurse Practitioner Jessee (now Holbrook) failed to properly diagnose and treat one of his injuries.  Defendant Holbrook filed a Motion to Dismiss, to which Batten has responded, making the matter ripe for decision.  For the reasons stated below, I will grant the Motion to Dismiss.

## BACKGROUND

On December 22, 2022, Batten has alleged that he was assaulted by three officers at Red Onion State Prison, resulting in bruises and road rash on his face, right shoulder, and arm; a blood clot in his right eye; and a dislocated ring finger on his left hand.  Following the assault, he was transported to the medical unit.  The charge nurse, Ms. Fletcher, documented his injuries and triaged his complaints.  Then, he was seen by Holbrook.  Batten said that as soon as Holbrook saw him, she said, "You are not getting an MRI.  I'm only going to get you an x-ray."  Compl. at p. 4.  After the x-ray results came back, she told him he had no fracture, but his finger had been "jammed," and it could take up to six months to heal.  Batten requested an MRI to see if the ligaments were "out of place," but she denied his request.  Batten stated that he still had serious

pain in the finger at the time the suit was filed in March 2023 (less than six months after the injury).

## DISCUSSION

The purpose of a Motion to Dismiss under Rule 12(b)(6) is to test the sufficiency of a complaint, that is, assuming the plaintiff's factual allegations are true, determining if those facts state a claim under the law.  Accordingly, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  *Langford v. Joyner*, 62 F.4th 122 (4th Cir. 2023).

The standard required to state a constitutional claim under the Eighth Amendment for medical care is deliberate indifference.  If one is deliberately indifferent to the serious medical needs of a prisoner, resulting in the unnecessary and wanton infliction of pain, that violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Mere negligence in diagnosing or treating a medical condition is not sufficient to state an Eighth Amendment claim.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106.  Rather, one alleging deliberate indifference must allege facts sufficient to establish two prongs: (1) the existence of an objectively serious medical condition and (2) that the defendant subjectively knew of the medical condition *and* knew that his action or inaction created an excessive risk to the patient's well-being.  *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021).  The essence of the second prong is actual knowledge that the patient needs care for a serious medical need but choosing to ignore the need.  *Id.*

Holbrook's Motion to Dismiss challenges Batten's complaint on both prongs.  First, she alleges that Batten was not suffering from a serious medical need at the time he was seen, relying on *Jacobs v. Wilson*, No. 3:13-CV-89, 2014 WL 3700553, at *5 (N.D. W.V. July 24, 2014)

(stating that "[n]umerous district courts have held that a broken finger is generally not a sufficiently serious medical need to support an Eighth Amendment violation"). Holbrook Mem. Supp. Mot. to Dismiss at p. 4, ECF No. 28. She also relies on *Stewart v. Wang*, No. 7:17CV00299, at *6 (W.D. Va. July 22, 2020) (citing *Jacobs*, the court stated that "a stiff, swollen, and even painful middle finger is generally not a serious need."). Both the *Jacobs* and *Stewart* courts found that each plaintiff failed to prove deliberate indifference and had received appropriate medical treatment, such that the claim would have failed even if the court considered the injury to be a serious medical need.

      Given contemporary standards of decency, I find that the ongoing serious complaints of pain establish that Batten has sufficiently alleged that he suffered from a serious medical condition. *See Gomez v. Davis*, No. 7:20-cv-00726, 2022 WL 777064, at *6 (W.D. Va. March 11, 2022) (noting that injuries to the hand and severe ongoing pain can both constitute serious medical needs). The court in *Gomez* rejected a defendant's argument that complaints of pain were insufficient to constitute a serious medical need. *See Krell v. Braightmeyer*, 828 F. App'x 155, 159 (4th Cir. 2020). Further, other circuits have found that finger injuries constitute a serious medical need. *Joh v. Suhey*, 709 F. App'x 729, 730 (3d Cir. 2017) (holding that "allegations of a fractured finger state a claim of a serious medical need"); *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (holding that a dislocated finger was objectively serious); *Johnson v. Hamilton*, 452 F.3d 967, 971 (8th Cir. 2006).

      Despite alleging that he suffers from a serious medical condition, Batten has failed to allege facts sufficient to show the second prong, that Holbrook had knowledge that her actions or inaction created an excessive risk of further harm to him. She did not ignore his injury; she sent him for x-rays. Based on the x-ray results, Holbrook told Batten that he had jammed his finger,

and that it could take six months to heal. Batten wanted an MRI, but Holbrook did not feel that one was warranted. This is just a disagreement between Batten and Holbrook on what the proper care should be, not a failure to provide care. Disagreements between an inmate and a health care provider over which course of treatment is appropriate do not rise to the level of a constitutional violation. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

Batten's opposition memorandum contains allegations that were not present in the original complaint: (1) that Holbrook acted intentionally, maliciously, and in bad faith; (2) that his left ring finger is still bent, swollen, and bruised; (3) that he cannot close his hand into a fist "without a throbbing pain shooting through his finger," (4) that he had extreme pain in the finger for eight months, and (5) that Holbrook never referred him for any diagnostic testing until he filed a written complaint. Plntf Mem. Opp. Mot. to Dismiss at p. 1, ¶¶ 1 and 2, ECF No. 36-1. Batten also filed a Declaration in Opposition to the Motion to Dismiss asserting that Holbrook acted intentionally and maliciously to cover up for the officers who assaulted him and to make him suffer. ECF No. 36. None of this changes Batten's failure to allege sufficient facts in the complaint to show deliberate indifference.

First, a district court ruling on a Motion to Dismiss may not go beyond facts alleged in the Complaint and documents attached and incorporated into the Complaint. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011). A plaintiff cannot amend his Complaint by supplying new facts in a brief in opposition to a Motion to Dismiss. *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (per curiam); *Whiting-Turner Contr. Co. v. Liberty Mut. Ins. Co.*, 912 F. Supp. 2d 321, 334 (D. Md. 2012).

Even if the court could consider the new allegations in Batten's brief, most—if not all—the new claims would be insufficient to show deliberate indifference. Although the court must

4

accept *factual* allegations as true, the court need not accept legal conclusions, conclusory statements, or speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims that Holbrook acted maliciously and intentionally are such conclusory statements; no facts have been alleged from which an inference of intent and malice can be made. Likewise, the motivation alleged, to protect the officers involved in assaulting Batten, is pure speculation, at least based on the facts alleged. The only connection between the officers' alleged assaults and the medical treatment provided by Holbrook is that the assaults immediately preceded the medical treatment. Such "temporal proximity, however, is simply too slender a reed" on which to draw such an inference. *See Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1993) (finding that the timing of plaintiff's reports of environmental law violations right before his termination was not sufficient to show that his termination was retaliation for filing the reports). Indeed, if Holbrook were trying to protect the officers, it seems unlikely that she would have ordered an x-ray.

## CONCLUSION

Batten's current complaint fails to state a claim against Holbrook for deliberate indifference to his medical needs. Her Motion to Dismiss (ECF No. 27) is **GRANTED** and she is **DISMISSED** from this case.

Enter: December 6, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

5