CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRONE DEMETRIUS BATTEN,    ) | |
|     Plaintiff,    ) | Civil Action No. 7:23cv178 |
|                                        ) | |
| v.    ) | OPINION and ORDER |
|                                        ) | |
| RICK WHITE, et al.,    ) | By:  Judge Robert S. Ballou |
|     Defendants.    ) | United States District Judge |

Tyrone Demetrius Batten, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983, alleging excessive force by Officers Branham, Allen, and Hall, resulting in physical injury.  Thereafter, he alleges that Nurse Practitioner Jessee failed to properly diagnose and treat one of his injuries.  Defendants White and Brookshire have filed a Motion to Dismiss the suit against them.  Upon consideration of the pleadings, I will grant the Motion to Dismiss as to White and Brookshire.

Section 1983 provides a cause of action against a person who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  A proper claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).  Because liability under § 1983 is personal, a defendant—even the warden—cannot be held liable merely because he supervises someone who committed a wrongful act; the doctrine making someone liable for the acts of his employees, known as *respondeat superior*, does not apply to cases under § 1983. *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984).

Other than listing White and Brookshire as defendants, Batten does not mention them again in his complaint. He states no facts about their conduct or even presence at the time of the events alleged. Having stated no facts against them, he has failed to state a claim against them, and they are entitled to dismissal from this suit.

For the reasons stated, the Motion to Dismiss filed by White and Brookshire (ECF No. 23) is **GRANTED** and White and Brookshire are **DISMISSED** from this case.

    Enter: December 6, 2024

    /s/ Robert S. Ballou

    Robert S. Ballou
    United States District Judge