CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

February 26, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE DEMETRIUS BATTEN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv178 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SGT. BRANHAM, et al., | ) | By: Judge Robert S. Ballou |
| Defendants. | ) | United States District Judge |

Tyrone Demetrius Batten, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983, alleging excessive force by Officers Branham, Allen, and Hall, resulting in physical injury. Defendant Branham has filed a Motion for Summary Judgment (ECF No. 73) and defendants Hall and Allen have filed a Motion for Summary Judgment (ECF No. 76). Both Motions for Summary Judgment allege that Batten failed to exhaust his administrative remedies. Batten has responded to the motions and filed affidavits on his own behalf. For the reasons below, I will deny the Motions for Summary Judgment.

Under Rule 56(c), when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, the court must enter summary judgment for the moving party. FED. R. CIV. P. 56(c). In ruling on the motion, the court must view the facts in the light most favorable to the non-moving party. *Phan v. Holder*, 667 F.3d 448, 451 (4th Cir. 2012). It is undisputed that prisoners must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a).

The following facts relevant to the pending motions are undisputed. At the time of the events in question, Batten was an inmate at Red Onion State Penitentiary (ROSP), in the custody of the Virginia Department of Corrections (VDOC). VDOC Operating Procedure (OP) 866.1 describes the administrative procedures for exhausting complaints about grievable prison

conditions.  On December 23, 2022, Batten initiated the administrative procedure by submitting an informal written complaint alleging that the three officers used excessive force on December 12, 2022, and asking that SIU investigate the matter.  ECF No. 74-1 at 30.  Sergeant Looney responded to the complaint on January 1, 2023, stating that the officers had "assisted [Batten] to the ground using the least amount of force necessary to gain control.  At no time did (sic) assault you."  On January 5, 2023, Batten submitted his Grievance, No. 23-REG-00004, regarding the events of December 12, alleging that he had been tossed out of his wheelchair and assaulted and stating that "I would like for SIU to investigate this matter."  ECF No. 74-1 at 27, 29.  Warden White provided the Level 1 response to the grievance.  He summarized the grievance and then quoted Sgt. Looney's response to the written complaint.  Under investigation, he stated, "Per Intel Lieutenant C. Stanley, this incident has been referred to SIU."  *Id.* at 26.  He added that OP 135.2, Rules of Conduct Governing Employees Relationships with Offenders, would govern the issue.  *Id.*  Finally, he stated, "If you are dissatisfied with the Level I response, you may appeal within 5 calendar days" and provided the address for the Regional Administrator for Level II.  Batten did not appeal to Level II, which would have been the final level of appeal under OP 866.1.  ECF No. 74-1 at 12.

In his Response to the Motions for Summary Judgment, Batten states that his Grievance was not "unfounded," and he had gotten the relief he requested—referral of the matter to SIU.  ECF No. 85.  He cited OP 866.1 IV(B), which states, "If the offender does not agree with the grievance response, disposition of the grievance, or the remedy, the offender may submit their appeal . . ."  ECF No. 74-1 at 18.  Because he was satisfied with the outcome, he saw no reason to appeal.  Batten also submitted a notarized affidavit, saying "I didn't have an idea that I had to appeal the matter because it was referred to SIU."  ECF No. 85-1.  Batten's understanding of the

process is also supported by OP 866.1 I(D)(7): "If the grievance is not resolved to the satisfaction of the offender, the offender has five days to file an appeal."  ECF No. 74-1 at 12.

None of the defendants submitted a Reply to Batten's opposition, nor have the defendants contradicted Batten's declaration.  Because his sworn declaration is uncontradicted and is corroborated by the grievance paperwork submitted by the defendants as exhibits, and because I must view the facts in the light most favorable to Batten as the non-moving party, I accept as fact that he had received the remedy he requested and believed he had no need to appeal.

The Fourth Circuit has held that a prisoner is not obligated to pursue an administrative appeal to a higher level if he has received a favorable outcome on his grievance at a lower level. *Toomer v. BCDC*, 537 F. App'x 204, 206 (4th Cir. 2013) (unpublished).  Favorably quoting *Dixon v. Goord*, 224 F. Supp. 2d 739, 749 (S.D.N.Y. 2002), the court added that "the exhaustion requirement is satisfied by resolution of the matter, i.e., an inmate is not required to continue to complain after his grievances have been addressed." *Toomer*, 537 F. App'x at 206.  The court also noted that the appeal advice directed an appeal "if you are dissatisfied with the . . . response," just as the Level I response Batten received advised him.  Accordingly, I find that Batten has properly exhausted his remedies.

For the reasons stated, I will deny both Motions for Summary Judgment.  An appropriate order will be entered this day.

Enter: February 25, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

3